# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Abderrahim N.,

        Petitioner,

v.

Sherburne County Jail and United States
of America,

        Respondents.

Case No. 26-cv-02033 (NEB/ECW)

**REPORT AND RECOMMENDATION**

Petitioner Abderrahim N. commenced this action through a petition for a writ of habeas corpus challenging the legality of his detention during the pendency of removal proceedings that were then ongoing against him. (*See* Dkt. 1.) On April 14, 2026, the Court directed the government to respond to the habeas petition and show cause why habeas relief should not be granted to Petitioner. (*See* Dkt. 4.) Petitioner, in turn, was afforded seven days in which to submit a reply to the government's response after that response was filed and served.

Two days later, on April 16, 2026, the government informed the Court that Petitioner had already been released from custody on order of the immigration judge presiding over Petitioner's removal proceedings. (*See* Dkt. 6.) The government also submitted provided documentary evidence establishing that Petitioner had been released from custody prior to the Court's order directing the government to respond to the habeas petition. (*See* Dkt. 7-1 (Declaration of Pedro del Valle Ex. A).)

Meanwhile, the deadline for Petitioner to file a reply to the government's response has passed, and Petitioner has not filed any such reply.

The United States Constitution limits the subject-matter jurisdiction of federal courts to ongoing cases and controversies. *See* U.S. Const. art. III, § 2, cl. 1. "[A]n actual [case or] controversy must exist not only at the time the complaint is filed, but through all stages of the litigation." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90-91 (2013) (citation modified). When "the issues presented in a case lose their life because of the passage of time or a change in circumstances and a federal court can no longer grant effective relief, the case is considered moot." *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (citation modified).

Such is the situation here. By all indications, Petitioner has received the relief that he had been seeking: release from custody. The Court "can no longer grant effective relief" to Petitioner. *See Ali*, 419 F.3d at 723. Because Petitioner has already been released from custody, nothing about his situation would change if the Court were to grant his habeas petition. "This is the very definition of mootness." *Kargbo v. Brott*, No. 15-CV-2713 (PJS/LIB), 2016 WL 3676162, at *2 (D. Minn. July 6, 2016).

Finally, no exception to the mootness doctrine appears to apply.[1] *See Ahmed v. Sessions*, No. 16-cv-2124 (DSD/HB), 2017 WL 3267738, at *2-3 (D. Minn. July 11,

---

[1] *See Ahmed*, 2017 WL 3267738, at *2-3 (listing four exceptions to the mootness doctrine, including that (1) secondary or "collateral" injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.).

2

2017).  For example, Petitioner's release was prompted by an order of the immigration judge, not through a voluntary cessation of detention that the government is free to resume at any time.  Similarly, there is no specific reason to believe that Petitioner is likely to be held in immigration custody again—or, should he be so detained again, that it will be under the circumstances that led to the pending habeas petition being filed; this matter is therefore not one that presents a claim that is capable of repetition yet evades review due to the brevity of the harm inflicted.

There is no longer anything at stake in this proceeding—and because there is nothing at stake, the Court lacks jurisdiction over the matter.  The habeas petition should be denied without prejudice and this case dismissed on that basis.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT **IS HEREBY RECOMMENDED THAT:**

1.      The petition for a writ of habeas corpus of petitioner Abderrahim N. (Dkt. 1) be **DENIED WITHOUT PREJUDICE** for lack of jurisdiction.

2.      This matter be **DISMISSED WITHOUT PREJUDICE**.

Dated: April 27, 2026                         */s/ Elizabeth Cowan Wright*
                                                       ELIZABETH COWAN WRIGHT
                                                       United States Magistrate Judge

3

## <u>NOTICE</u>

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).